## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Western North Carolina |
|---|---|
| Name (under which you were convicted): Michael James Taylor | Docket or Case No.: 2:11-CR-22-010 |
| Place of Confinement: Estill FCI, Post Office Box 699, Estill, SC 29918 | Prisoner No.: 26580-058 |
| UNITED STATES OF AMERICA<br>v. | Movant (include name under which you were convicted)<br>Michael James Taylor |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court, Western District of North Carolina, Bryson City Division
   401 West Trade Street, Room 210
   Charlotte, NC 28202

   (b) Criminal docket or case number (if you know): 2:11-CR-22-010

2. (a) Date of the judgment of conviction (if you know): 2/6/2012

   (b) Date of sentencing: 12/13/2013

3. Length of sentence: 324 months

4. Nature of crime (all counts):

   Conspiracy to distribute methamphetamine

5. (a) What was your plea? (Check one)

   (1) Not guilty ☐    (2) Guilty ☑    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☑
8. Did you appeal from the judgment of conviction?   Yes ☑   No ☐
9. If you did appeal, answer the following:

    (a) Name of court:   United States Court of Appeals for the Fourth Circuit

    (b) Docket or case number (if you know):   14-4011

    (c) Result:   Affirmed

    (d) Date of result (if you know):   10/29/2014

    (e) Citation to the case (if you know):   585 Fed. Appx. 124

    (f) Grounds raised:

    1. Failure to appoint mental health expert to assist at sentencing.
    2. Procedural unreasonableness of sentence on several bases.
    3. Substantive unreasonableness of sentence.

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☑

        If "Yes," answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☑   No ☐

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:   United States District Court, Western District NC

    (2) Docket or case number (if you know):   2:11-CR-22-010

    (3) Date of filing (if you know):   3/15/2015

(4) Nature of the proceeding: Motion for sentence reduction

(5) Grounds raised:

Retroactive effect of Sentencing Guideline Amendment 782, which would lower the applicable guideline level from 39 to 37.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☑

(7) Result: Denied

(8) Date of result (if you know): 1/18/2016

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application? Yes ☐ No ☐

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☑ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

### GROUND ONE:

Ineffective assistance of counsel who refused to endorse plea agreement defendant accepted.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached discussion of Claim One.

(b) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    Claim was not ripe for disposition on appeal as claims of ineffective assistance are generally litigated in a post-cinvciton proceeding.

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐ No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND TWO:

Ineffective assistance at sentencing for not explaining need for multi-level variance for cooperation.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached discussion of Claim Two.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Claim was not ripe for disposition on appeal as claims of ineffective assistance are generally litigated in a post-cinvciton proceeding.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

### GROUND THREE:

Improper carrer offender designation after Johnson v. United States, 135 S. Ct. 2551 (2015).

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See attached discussion of Claim Three.

(b) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐  No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

    Johnson v. United States had not yet been decided.

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐  No ☑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

No.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ☐   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

Andrew Brady Banzhoff, 22 South Pack Square, Suite 1100, Asheville, NC 28801

(b) At arraignment and plea:

Andrew Brady Banzhoff, 22 South Pack Square, Suite 1100, Asheville, NC 28801

(c) At trial:

(d) At sentencing:

Jacob H. Sussman, 301 Park Avenue, Charlotte, NC 28203

(e) On appeal:

Jacob H. Sussman, 301 Park Avenue, Charlotte, NC 28203

(f) In any post-conviction proceeding:

Jacob H. Sussman, 301 Park Avenue, Charlotte, NC 28203

(g) On appeal from any ruling against you in a post-conviction proceeding:

Jacob H. Sussman, 301 Park Avenue, Charlotte, NC 28203

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐  No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐  No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐  No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This motion is filed within the one-year statute of limitation contained in 28 U.S.C. 2255 because it is filed on 01/26/2016 and the case became final on 01/27/2015, the day the time in which defendant could have sought review in the Supreme Court of the United States by a petition for a writ of certiorari expired.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate the judgment and allow him to plead pursuant to the original plea agreement or grant him a new sentencing hearing.

or any other relief to which movant may be entitled.

/s/ M. Gordon Widenhouse, Jr.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

Executed (signed) on _____ (date).

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

Movant has not signed this form for two reasons. First, he is represented by counsel, who has signed the form as his attorney, making it unnecessary for him to sign it. Second, he is incarcerated out of state, making it impractical for him to sign it.