IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:16CV24-MR
(2:11CR22)

| | |
|---|---|
| MICHAEL JAMES TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MOTION TO HOLD PETITIONER'S MOTION TO VACATE IN ABEYANCE

The United States respectfully requests that this Court hold the motion filed by Michael James Taylor under 28 U.S.C. § 2255 in abeyance pending the Supreme Court's decision in *Beckles v. United States*, Case No. 15-8544.

1. Taylor, through counsel, is raising two ineffective assistance of counsel claims and also is challenging the enhancement of his sentence under the career-offender guideline in U.S.S.G. § 4B1.2. Taylor argues that one of his prior convictions no longer qualifies as a "crime of violence" in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). That decision held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process" but did not address the residual clause under the career-offender guideline. *See Johnson*, 135 S. Ct. at 2563.

2. In *Beckles*, the Supreme Court granted the defendant's petition for writ of certiorari and will decide (1) whether *Johnson*'s constitutional holding applies to the residual clause of the definition of "crime of violence" in the career-offender guideline; (2) if so, whether *Johnson*'s invalidation of the residual clause of the career-offender guideline applies retroactively on collateral review; and (3) whether possession of a sawed-off shotgun, an offense listed as a "crime of violence" in the commentary of the career-offender guideline, remains a crime of violence after *Johnson*.

3. The Supreme Court's decision in *Beckles* may be dispositive of Taylor's claim for relief under *Johnson*. And even if not dispositive, it will be dispositive of certain of the legal issues posed by Taylor's motion to vacate.

4. In the interest of judicial efficiency, the Government respectfully requests that this Court hold Taylor's motion to vacate his sentence in abeyance pending the Supreme Court's decision in *Beckles*.

5. Taylor's counsel, M. Gordon Widenhouse, Jr., consents to this abeyance request.

6. Because of the volume of cases that are likely to be affected by *Beckles*, the Government requests that it be permitted 60 days following the decision in *Beckles* to file a response to Taylor's motion to vacate.

RESPECTFULLY SUBMITTED, this 6th day of October, 2016.

        JILL WESTMORELAND ROSE
        UNITED STATES ATTORNEY

        <u>s/Elizabeth M. Greenough</u>

Elizabeth M. Greenough, N.Y. Bar No. 2667905
Assistant United States Attorney
227 West Trade Street, Suite 1650
Charlotte, NC 28202
Telephone:   704-344-6222
Fax:              704-344-6229
Email: Elizabeth.Greenough@usdoj.gov

# CERTIFICATE OF SERVICE

I certify that I have this day served a copy of the above ***Motion to Hold in Abeyance*** upon Petitioner herein by serving his attorney of record through electronic case filing.

This 6th day of October, 2016.

<u>s/Elizabeth M. Greenough</u>
Assistant United States Attorney
USAO Charlotte, NC