UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NORTH CAROLINA

ASHEVILLE DIVISION

No. 1:16CV24-MR

(No. 2:11CR22-MR)

| | |
|---|---|
| MICHAEL JAMES TAYLOR, | ) |
| Petitioner, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |
| _____ | ) |

## RESPONSE TO GOVERNMENT'S MOTION TO DISMISS

NOW COMES Michael James Taylor, by and through his undersigned counsel, and responds to the government's motion to dismiss [DE 8] his motion to vacate the judgment. [DE 1] In short, because the motion to vacate contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (internal quotation omitted), it states claims upon which relief can be granted, and the motion to dismiss must be denied. *See* Fed. R. Civ. P. 12(b)(6). In further support of this response, Mr. Taylor shows the following:

## PROCEDURAL AND FACTUAL HISTORY

Respondent's statement of the proceedings and facts [DE 8 at 2-13] accurately summaries the case, in tandem with the documents previously submitted to this Court. Petitioner will not recount the matters except as necessary in the Argument.

**ARGUMENT**

I.  **DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN FAILING TO SIGN A PLEA AGREEMENT, WHICH MICHAEL TAYLOR HAD HIMSELF ACCEPTED AND SIGNED, THAT CAUSED MR. TAYLOR TO LOSE ANY OPPORTUNITY TO CONTINUE HIS COOPERATION AND GAIN A REDUCTION FOR SUBSTANTIAL ASSISTANCE.**

Where a defendant alleges he would not have pled guilty and would have insisted on a trial but for the actions and advice of counsel, he has stated a justiciable claim of ineffective assistance of counsel. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). Mr. Taylor's first claim for relief satisfies this notion.

As he explained in his motion to vacate, he was initially offered a plea bargain whereby he would plead guilty to conspiring to distribute a controlled substance, agree to the quantity of the controlled substance involved in the conspiracy, and have the potential to continue his cooperation with the government with the aim of achieving a motion for a reduced sentence under U.S.S.G § 5k1.1. [DE 1-1 at 1] Despite knowing the government would not use Mr. Taylor as a witness unless a signed plea agreement was entered and understanding Mr. Taylor's testimony would be critical to the government's willingness to filed a motion for a sentence reduction based on Mr. Taylor's substantial assistance, defense counsel intentionally refused to sign the plea agreement. [DE 1-1 at 1] This action, which the government does not deny occurred, led Mr. Taylor to enter an open plea to the charge, resulting in a longer sentence than he expected to receive.

These allegations state a claim under *Lee*. At this juncture in the proceedings on the motion to vacate, the government has not answered and has only moved to dismiss. [DE 8] A motion to dismiss only requires the determination of whether Mr. Taylor has stated claim of ineffective assistance of counsel regarding the performance of counsel before the guilty plea was entered.

Where a defendant alleges he would not have pled guilty but for the erroneous or misplaced advice of counsel, he has stated such a claim. *See Lee*, 137 S. Ct. at 1966-67. The motion to dismiss "does not resolve any contests surrounding the facts, the merits of a claim, or the applicability of defense." *Republican Party v. Martin*, 980 F.2d 943, 952 (4ᵗʰ Cir. 1992). Indeed, as *Iqbal* emphasized, this Court must accept Mr. Taylor's factual allegations as true and, if so taken, these allegations state a "plausible" claim for relief, the motion to dismiss must be denied. 556 U.S. at 662. And, in light of *Lee*, the possible unreasonableness of Mr. Taylor not pleading guilty does not defeat his claim, at least at this stage of the proceedings. 137 S. Ct. at 1966-69.

The government urges dismissal of this claim, in part, because Mr. Taylor's initial lawyer "obtained a better deal." [DE 8 at 16-17] In doing so, the government characterizes trial counsel's action in refusing to sign the plea agreement as "objectively reasonable." [DE 8 at 17, citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)] The purported "objectively reasonable" nature of counsel's actions cannot be resolved at this stage in the proceedings, in the absence of any showing by the government that dispels Mr. Taylor's plausible allegations in his claim. The government has not answered the motion to vacate and has not come forward with any materials to dispute Mr. Taylor's showing. Again, after *Lee*, that is not determinative of this ineffective assistance claim, at least with respect to a motion to dismiss under Rule 12(b)(6).

Moreover, the government ignores the contentious nature of the interactions between trial counsel and the government during the time leading up to the guilty plea. [Affidavit of Andrew Banzhoff, ¶¶ 13, 14, 15, 16, DE 408] Indeed, Mr. Banzhoff stated assumed this situation meant the government was no longer interested in having Mr. Taylor cooperation and he may failed to provide some information to the government that might have facilitated assistance leading to a motion under 5K1.1. [Affidavit of Andrew Banzhoff, ¶¶ 17, 18, DE 408] Thus, Mr. Taylor has

come forward with allegations, supported by an affidavit from defense counsel, advancing a plausible claim of ineffective assistance of counsel that undermines the legitimacy of his guilty plea.

The government also urges dismissal of this claim due to his plea allegedly waiving all non-jurisdictional defects in the proceedings that occurred before he enter the plea. [DE 8 at 15-16, citing *United States v. Moussoui*, 591 F.3d 263, 279 (4th Cir. 2010); *Fields v. Attorney General of Maryland*, 956 F.2d 1290. 1294-96 (4th Cir. 1002)] This position should be rejected.

First, both *Moussoui* and *Fields* involved conduct by counsel that is wholly unrelated to the legitimacy of the underlying guilty plea. This situation is starkly different. Mr. Taylor's claim is directly related to the impact of trial counsel's conduct before the guilty plea was entered that may have affected the decision to plead guilty. [DE 1-1 at 1-2] Second, if a defendant's plea of guilty somehow constituted a non-jurisdiction defect, as the government claims, then *Lee* and cases such as *Lafler v. Cooper*, 566 U.S. 166 (2012), *Missouri v. Frye*, 566 U.S. 133 (2012), and *Hill v. Lockhart*, 474 U.S. 52 (1985), have no legitimate underpinning.

Under these circumstances, Mr. Taylor has lodged sufficient factual allegations to state a plausible claim for relief. *See Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The motion to dismiss must be denied.

II.     **DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN FAILING TO PRESENT AT SENTENCING HIS SUSBSTANTIAL ASSISTANCE TO THE GOVERNMENT AS THE BASIS FOR A SIX-LEVEL VARIANCE, WHICH REPRESENTED MICHAEL TAYLOR'S UNDERSTANDING OF THEIR AGREEMENT WITH THE GOVERNMENT.**

Where a defendant alleges his lawyer failed in a discreet fashion that ultimately prejudiced him, he has stated a justiciable claim of ineffective assistance of counsel. *Rompilla v. Beard*, 545 U.S. 374, 383-88 (2005). Mr. Taylor's second claim for relief satisfies this notion.

As he explained in his motion to vacate, Mr. Taylor was led to believe the parties had agreed it would not oppose defense counsel's request at sentencing for a variance of six levels from the advisory guideline range to account for his cooperation with the government. [DE 1-1 at 3] Apparently, a late modification was made to the presentence report that sustained Mr. Taylor's objection to a two-level enhancement for his having maintained a dwelling for the purpose of facilitating the conspiracy. [DE 1-1 at 4] This allegation states a plausible claim of ineffective assistance as counsel should have drawn this Court's attention to this situation. Such a change in position as to the appropriate level of departure for assistance, based on the determination by probation or this Court of an unrelated sentencing matter, raises a specter of unfairness. [DE 1-1 at 4] Effective counsel would have brought this notion to the sentencing court's attention in arguing for the level of downward variance Mr. Taylor and his counsel believed was forthcoming. Had counsel made this argument, it might well have led this Court to vary farther downward.

These allegations state a claim under *Rompilla*. Again, the government has not answered and has only moved to dismiss. [DE 8] This Court should only decide if Mr. Taylor has stated a claim of ineffective assistance of counsel, taking the allegations in his motion to vacate in a light most favorable to him. *Iqbal*, 556 U.S. at 662. Given the allegations in the motion to vacate, the other materials in the record, and Mr. Banzhoff's affidavit, Mr. Taylor's claim must survive the motion to dismiss.

The government argues this claim is "conclusory," citing *United States v. Dyess*, 730 F.3d 354 (4th Cir. 2013). [DE 8 at 19] But even a cursory reading of *Dyess* reveals why Mr. Taylor's claim is far from "conclusory" and, rather is "plausible." *See Iqbal*, 556 U.S. at 662. In *Dyess*, a defendant, acting pro se, filed a "letter" with the district court followed by a motion under section 2255 listing about 30 claims for relief, "roughly 25 of which consisted of single sentence with no

further explanation or factual development." *Dyess*, 730 F.3d at 359. He then "filed a request to file an 'amended' § 2255 petition, raising 16 claims . . . . *Id*. The district court then only considered the claims in the amended motion. *Id. Dyess* affirmed this action, finding the one-sentence statements in the initial filing that had "no further explanation or factual development" were "vague and conclusory." *Id*. In light of *Dyess*, Mr. Taylor's second claim is hardly "conclusory."

As with the first claim, under these circumstances, Mr. Taylor has lodged sufficient factual allegations in his second claim to state a plausible claim for relief. This result particularly attends when full consideration is given to the contentious nature of the proceedings during the initial phases of the proceedings. The motion to dismiss must be denied.

### III. IMPROPER SENTENCE BASED ON UNCONSITUTIONALLY VAGUE RESIDUAL CLAUSE OF THE CAREER OFFENER GUIDELINE.

Mr. Taylor acknowledges the adverse and controlling decision in *Beckles v. United Sta*tes, 137 S. Ct. 886, 894-95 (2017), with respect to his claim that the residual clause of the career offender guideline is void for vagueness.

## CONCLUSION

For the reasons stated herein, as well as in his motion to vacate, Michael James Taylor respectfully requests that the government's motion to dismiss be denied.

This the 10th day of August 2017.

**RUDOLF WIDENHOUSE**

s/ M. Gordon Widenhouse, Jr.
M. Gordon Widenhouse, Jr., NCSB 10107
Post Office Box 7447
Winston-Salem, North Carolina 27109
Telephone: 919-810-4883
mgwidenhouse@rudolfwidenhouse.com
Counsel for Michael James Taylor

## CERTIFICATE OF SERVICE

I certify that I have filed this document using the Court's CM/ECF system which will deliver a copy to all registered users.

s/ M. Gordon Widenhouse, Jr.
M. Gordon Widenhouse, Jr.