IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:16CV24-MR
(2:11CR22-MR-DLH-10)

| | |
|---|---|
| MICHAEL JAMES TAYLOR, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

# GOVERNMENT'S REPLY TO PETITIONER'S RESPONSE TO THE MOTION TO DISMISS

Michael James Taylor acknowledges in his response that his challenge to application of the career offender guideline is foreclosed by *Beckles v. United States*, 137 S. Ct. 886, 894-95 (2017). Pet'r's Resp. 6. His ineffective assistance claims also should be dismissed as a matter of law because he cannot show deficient performance and prejudice.

Taylor misapprehends the standard for reviewing the adequacy of a 28 U.S.C. § 2255 motion. *See id.* at 2-3, 5. Applications for post-conviction relief "must meet heightened pleading requirements." *See McFarland v. Scott*, 512 U.S. 849, 856 (1994). Under the Rules Governing § 2255 Proceedings for the United States District Courts, a motion for relief under § 2255 must not only specify all of the grounds for relief, but also must "state facts supporting each ground." Rule 2(b).

The pleading requirements for a post-conviction motion are higher than those in a civil proceeding because "[u]nlike a plaintiff pleading a case under [Federal Rule of Civil Procedure] 8(a), the habeas petitioner ordinarily possesses, or has access to, the evidence necessary to establish the facts supporting his collateral claim." *Borden v. Allen*, 646 F.3d 785, 810-13 (11th Cir. 2011). The government has relied on facts from the record in its motion to dismiss, whereas Taylor has relied on allegations made upon information and belief. But even accepting Taylor's allegations as true, he cannot show ineffective assistance of counsel.

Taylor never argues that his guilty plea was involuntary. Accordingly, he has waived his pre-plea claim of ineffective assistance of counsel by foregoing a plea agreement that he was informed of and deciding instead to plead guilty straight-up. *See Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1294-96 (4th Cir. 1992). Taylor's contention that the decisions in *Lee v. United States*, 137 S. Ct. 1958 (2017); *Lafler v. Cooper*, 566 U.S. 166 (2012); *Missouri v. Frye*, 566 U.S. 133 (2012); and *Hill v. Lockhart*, 474 U.S. 52 (1985), undercut this finding is misplaced. *See* Pet'r's Resp. 4. *Lee* entailed a claim that a defendant would have proceeded to trial, but for deficient advice from counsel; *Lafler* involved a trial, not a guilty plea; *Missouri* addressed a plea offer that was not communicated to the client; and *Hill* concerned a claim that the guilty plea that was entered was involuntary. None of those cases involved a defendant who was informed of a plea offer, but chose to plead guilty straight-up.

Taylor also never asserts in his § 2255 motion that, but for counsel's alleged deficiency, he would have insisted on going to trial, and this is not the relief that he seeks. Instead, he asserts only that "a possibility existed defendant would have accepted the plea bargain." Civ. Doc. No. 1-1, at 2. Likewise, he asserts that he potentially lost the opportunity to cooperate, which might have led to a motion for reduction of sentence by the government. This does not show that there was a reasonable probability that Taylor would have received a lower sentence. Accordingly, his allegations are insufficient to show prejudice, even if Taylor hadn't waived this claim. *See Missouri*, 132 S. Ct. at 1409; *Hill*, 474 U.S. at 59.

Finally, Taylor also has failed to meet his burden to show that counsel provided ineffective assistance at sentencing. The lengthy sentencing memorandum filed by counsel and the sentencing transcript show that counsel vigorously argued for a lower sentence, counsel's performance was objectively reasonable, and Taylor cannot show that, but for counsel's conduct, there is a reasonable probability that he would have received a lower sentence. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

Because Taylor has not met the burden of the heightened pleading requirements for § 2255 motions, his motion to vacate should be dismissed.

## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that this Court dismiss Taylor's motion to vacate.

RESPECTFULLY SUBMITTED this 17th day of August, 2017.

3

JILL WESTMORELAND ROSE
UNITED STATES ATTORNEY

<u>s/Elizabeth M. Greenough</u>
Elizabeth M. Greenough, N.Y. Bar No. 2667905
Assistant United States Attorney
227 West Trade Street, Suite 1650
Charlotte, NC 28202
 Telephone:  704-344-6222
Fax:             704-344-6229
Email: Elizabeth.Greenough@usdoj.gov

# CERTIFICATE OF SERVICE

I certify that I caused to be served a copy of the above Reply upon the Petitioner by serving his attorney of record through electronic case filing.

This 17th day of August, 2017.

s/Elizabeth M. Greenough
Assistant United States Attorney
USAO Charlotte, NC
